UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN 30 PM 2: 41

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

PATRICIA M. AHNEMAN, JR.                                          PLAINTIFFS

                              VS.          CIVIL ACTION NO. 04-3007-Ma-P

FEDERAL EXPRESS CORPORATION                                      DEFENDANT

STIPULATED PROTECTIVE ORDER

The parties, by and through their counsel of record, state to the Court, subject to

its approval, that the following terms and conditions by stipulation shall govern the

disclosure and use of all confidential and proprietary information disclosed by the parties

and designated as such.

1. Specifically, the parties, pursuant to this Protective Order, may produce copies

of certain proprietary and/or confidential documents including training guides and

manuals (collectively referred to as "Confidential Information").   The Confidential

Information is confidential and/or proprietary within the meaning of the Federal Rules of

Civil Procedure.  The documents shall be marked "Confidential" on each page.

2. It is specifically understood and agreed that the Confidential Information shall

be used solely in connection with this litigation, including any subsequent appeal.

3. This Stipulated Protective Order is binding on the parties and the respective

counsel of record.

4. The Confidential Information including all derivative information therefrom,

shall not be disclosed to any person other than the parties, the court; judicial officers and

personnel; counsel of record in this litigation and members and associates of their

respective staffs; the clerical and paralegal staff of counsel of record in this litigation.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

Other than the above-named individuals, the Confidential Information may not be circulated or provided to any individual without the written permission of counsel for the party who produced the Confidential Information, obtained in advance of the disclosure.

5.  If the Confidential Information, or any portions thereof, are used in any deposition, all portions of the transcripts of such depositions and all exhibits that refer or relate to the Confidential Information shall be deemed to be Confidential Information and subject to the terms and restrictions of this Order.  A separate transcript of the portion(s) of the deposition may be created to preserve the confidentiality of the information and for the convenience of the Court and counsel.

6.  If documents or other materials deemed confidential are filed with the Court, they shall be filed under seal and marked as follows:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S)
SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE
SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS
DESIGNATED IN PARAGRAPH 5 OF THE PROTECTIVE ORDER.

7.  Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation.

8.  This Stipulated Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request as provided under Tennessee and Federal Law.

9.  Within 60 days of the final determination of this action, all persons subject to this Order shall return all the Confidential Information (and all summaries, extracts and other documents containing information referring to or derived from) including all copies thereof, to counsel for the party who produced the Confidential Information.

10.  Counsel for the parties may agree in writing to any specific disclosure of the Confidential Information in a particular circumstance without prejudice to the continued application to this Order as to the use of that document or thing.

11.  No disclosure of Confidential Information whether intentional or inadvertent shall be deemed to waive any of the rights provided herein.  Disclosure of Confidential Information for one purpose does not constitute a waiver for any other purposes.

12.  The intentional disclosure of documents which are marked "privileged and confidential" or "attorney-client" or "work product" does not constitute a waiver of any applicable privileges to any other related privileged documents or other privileged documents.  It is expressly understood by the parties that regardless of a "privileged" notation on the document, a determination must still be made as to whether a document is actually subject to any privileges for purposes of the litigation.  This agreement recognizes the fact that a party should not be punished for conducting that analysis by the requirement of a waiver of privilege as to any related documents.

13.  Insofar as the provisions of this Protective Order restrict the disclosure and/or use of Confidential Information produced hereunder, this Order shall continue to be binding after the conclusion of this litigation.  A party may seek written permission to modify this Protective Order.  Absent agreement of the opposing party, or an Order of the Court, this Order may not be changed or modified in any respect and shall remain in full force and effect.

3

SO ORDERED THIS ___30___ day of ___June___, 2005.

_____

UNITED STATES COURT MAGISTRATE JUDGE

Agreed to:

_____

Stephen H. Biller
Attorney for Plaintiff

_____

Jerrald L. Shivers
Attorney for Federal Express Corporation

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 11 in case 2:04-CV-03007 was distributed by fax, mail, or direct printing on July 5, 2005 to the parties listed.

---

Stephen H. Biller
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

Jerrald L. Shivers
LEWIS FISHER HENDERSON CLAXTON & MULROY, LLP
P.O. Box 22654
Jackson, MS 39225--265

Honorable Samuel Mays
US DISTRICT COURT